IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| UNIVERSITY OF FLORIDA RESEARCH FOUNDATION, INCORPORATED,<br><br>      Plaintiff,<br><br>v.<br><br>DIAMYD MEDICAL AB,<br><br>      Defendant. | Civil Action No.: |

## COMPLAINT AND JURY DEMAND

University of Florida Research Foundation, Incorporated ("UFRF"), brings this civil action against Diamyd Medical AB ("Diamyd").

## THE PARTIES

1. UFRF is a Florida corporation with a place of business in this district at 223 Grinter Hall, Gainesville, FL 32611.

2. On information and belief, Diamyd is a Swedish corporation with a place of business at Karlavägen 108, SE-115 26, Stockholm, Sweden.

## JURISDICTION

3. UFRF is a Florida corporation, while Diamyd is a Swedish corporation, and UFRF seeks damages for breach of contract and injunctive relief that exceeds $75,000. This Court therefore has jurisdiction under 28 U.S.C. § 1332.

4. Venue is appropriate under 28 U.S.C. § 1391.

5. Personal jurisdiction exists over Diamyd in this district. As set forth below, Diamyd has breached its agreement with UFRF, a Florida resident, by failing to make payments due to UFRF under the agreement. In addition, Diamyd has had multiple contacts with Florida, including several trips to Florida, as part of negotiating the agreement with UFRF and the agreement's amendments, and to undertake work related to the subject matter of the agreement. This Court therefore has personal jurisdiction over Diamyd under Fla. Stat. § 48.193 and other law.

**BACKGROUND**

6. UFRF is the owner of both United States and foreign patent rights relating to glutamic acid decarboxylase ("GAD") for therapeutic and diagnostic uses in treating Type 1 diabetes and other conditions.

7. In November 1997, UFRF and Diamyd entered into an Exclusive License Agreement with Sublicensing Terms (the "Agreement"), by which Diamyd obtained an exclusive license to sell products and practice processes covered by certain of UFRF's patent rights to GAD, including United States and foreign patents and patent applications listed in Appendix D to the Agreement, as well as all divisionals, continuations, re-issues, or re-examinations of those patents and applications (the "Licensed Patents").

8. The Agreement requires Diamyd to pay UFRF certain fees, royalties, and other payments in exchange for the rights which Diamyd has been granted under the Agreement. Section 2.2 of the Agreement allows Diamyd to grant written, nonexclusive sublicenses of its rights to third parties, in exchange for which Diamyd is required to pay to UFRF specified portions of the payments Diamyd receives from the sublicensees for those rights.

9. Between August 2000 and June 2010, the parties to the Agreement amended it six times. The Fourth Amendment, entered into in October 2007 (the "Fourth Amendment"), amended the sublicensing provision of the Agreement into its present form. Under the Fourth Amendment, Section 2.2.2 of the Agreement states in part:

> "if Licensee receives any fees, minimum royalties, or other payments in consideration of any rights granted under a Sublicense, and such payments are not based directly upon the amount or value of Licensed Products sold by the Sublicensee, the Licensee shall pay UFRF Ten (10%) of such payments, less amounts to be used for future development of Licensed Products, in the manner specified in Section 3.5."

10. In June or July of 2010, Diamyd and Ortho-McNeil-Janssen Pharmaceuticals, Inc. ("OMJP") entered into a License and Collaboration Agreement (the "OMJP Agreement"). Under the OMJP Agreement, OMJP obtained a sublicense from Diamyd to rights, including the right to practice the Licensed Patents, that Diamyd itself had licensed from UFRF in the Agreement.

11. In exchange for the rights granted to OMJP under the OMJP Agreement, OMJP agreed to make an upfront payment of forty-five million U.S. Dollars ($45 million) to Diamyd within ten business days following the effective date of the OMJP Agreement. In addition, OMJP also agreed to pay Diamyd certain milestone payments and royalty payments.

12. On information and belief, Diamyd received the upfront $45 million payment from OMJP at least as of July 29, 2010, and possibly earlier in that month or in June 2010.

13. Under Section 3.5.1 of the Agreement between UFRF and Diamyd, amounts owing to UFRF under Section 2.2 "shall be paid on a quarterly basis, with such amounts due and received by UFRF on or before the thirtieth day following the end of the calendar quarter ending on August 31, November 30, February 28 or May 31 in which such amounts were earned."

14. Under Section 2.2.2 of the Agreement as amended by the Fourth Amendment, UFRF is entitled to ten percent of OMJP's $45 million upfront payment, which is a payment Diamyd received for rights it granted to OMJP under a sublicense of the Agreement. UFRF is also entitled to ten percent of any additional payments, including milestone and royalty payments, that OMJP makes to Diamyd under the OMJP Agreement. Diamyd is thus required to pay UFRF $4.5 million (ten percent of OMJP's $45 million upfront payment) for its sublicense of rights to OMJP, and is required to pay UFRF ten percent of any additional payments Diamyd may have already received, or will receive in the future, from OMJP under the OMJP Agreement.

15. Diamyd received the $45 million payment from OMJP before the end of the quarter ending on August 31, 2010. Under Section 3.5.1 of the Agreement, Diamyd's corresponding $4.5 million payment to UFRF was due thirty days after the end of that quarter, on September 30, 2010.

16. Diamyd did not make its required $4.5 million payment to UFRF by September 30, 2010. Diamyd still has not made that payment. Diamyd has not made any payments to UFRF for Diamyd's sublicense of rights to OMJP under the OMJP Agreement.

17. Notwithstanding demands by UFRF, including without limitation via letters on August 13, September 24, and December 7, 2010, Diamyd has failed to make any payments to UFRF under the Agreement for its sublicense of rights to OMJP.

18. UFRF has fully and timely performed all of its duties and conditions under the Agreement, as amended.

## COUNT I
### (Breach of Contract)

19. UFRF incorporates Paragraphs 1-18 by reference.

20. UFRF and Diamyd entered into a valid contract in the Agreement.

21. Under Section 2.2 of the Agreement, Diamyd is required to pay UFRF certain fees, royalties, and other payments in consideration for its sublicense of rights to OMJP under the OMJP Agreement.

22. Diamyd has not paid UFRF the fees, royalties, and other payments due under the Agreement for its sublicense of rights to OMJP under the OMJP Agreement.

23. Diamyd's failure to pay fees, royalties, and other payments materially breached the Agreement, as amended, including at least Sections 2.2 and 3.5.

24. Diamyd's breach of the Agreement has damaged, and will continue to damage, UFRF.

## RELIEF REQUESTED

UFRF asks that the Court award to UFRF the following relief:

A. Judgment in favor of UFRF and against Diamyd in the amount of all damages resulting from Diamyd's breach of the Agreement together with interest, attorneys' fees and costs; and

B. Such other relief as the Court deems appropriate.

**JURY DEMAND**

UFRF demands a trial by jury on all issues so triable.

                                      UNIVERSITY OF FLORIDA RESEARCH
                                      FOUNDATION, INCORPORATED,

                                      By its attorneys,

Date: January 18, 2011           /s/ Susan M. Seigle
                                      Susan M. Seigle
                                      Florida Bar Number 608017
                                      sseigle@dellgraham.com
                                      Dell Graham, P.A.
                                      203 N.E. 1st Street
                                      Gainesville, FL 32601
                                      Tel: (352) 372-4381
                                      Fax: (352) 376-7415

                                      Allen S. Rugg (admission pending)
                                      Massachusetts State Bar Number: 674484
                                      arugg@wolfgreenfield.com
                                      Hunter D. Keeton (admission pending)
                                      Massachusetts State Bar Number: 660609
                                      hkeeton@wolfgreenfield.com
                                      Wolf, Greenfield & Sacks, P.C.
                                      600 Atlantic Avenue
                                      Boston, MA  02210
                                      Tel.:  (617) 646-8000
                                      Fax:  (617) 646-8646