IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNIVERSITY OF FLORIDA RESEARCH FOUNDATION INC,

    Plaintiff,

v.                                               CASE NO. 1:11-cv-00008-MP-GRJ

DIAMYD MEDICAL AB,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 9, the defendant's motion to dismiss, to which the parties have filed a flurry of responses, replies, sur-replies and objections to sur-replies. Docs. 14, 19, 21 and 22. The motion to file sur-reply at Doc. 21 is granted, and the Court has considered the arguments in Docs. 21 and 22.

The University of Florida Research Foundation ("UFRF") is the owner of both United States and foreign patent rights relating to glutamic acid decarboxylase ("GAD") for therapeutic and diagnostic uses in treating Type 1 diabetes and other conditions. In November 1997, UFRF and Diamyd entered into a licensing agreement, by which Diamyd obtained an exclusive license to sell products and practice processes covered by certain of UFRF's patent rights to GAD. One provision of the licensing agreement allowed Diamyd to sublicense its rights but also required Diamyd to pay 10% of the funds received via the sublicense to UFRF, less certain amounts. The provision (section 2.2.2) states:

> if Licensee receives any fees, minimum royalties, or other payments in consideration of any rights granted under a Sublicense, and such payments are not based directly upon the amount or value of Licensed Products sold by the Sublicensee, the Licensee shall pay UFRF Ten (10%) of such payments, less

amounts to be used for future development of Licensed Products, in the manner specified in Section 3.5.

In June or July of 2010, Diamyd and Ortho-McNeil-Janssen Pharmaceuticals, Inc. ("OMJP") entered into a License and Collaboration Agreement (the "OMJP Agreement"). Under the OMJP Agreement, OMJP obtained a sublicense from Diamyd to rights, including the right to practice the Licensed Patents, that Diamyd itself had licensed from UFRF in the Agreement.  In return, Diamyd received an upfront, non-refundable payment of $45 Million.  Based on the language of Section 2.2.2, quoted above, UFRF contacted Diamyd and demanded payment of 10 percent of $45 Million, or $4.5 Million.  Diamyd refused and UFRF filed the instant suit.

In the Complaint, UFRF never alleged any fact relating to Section 2.2.2's final clause; that is, UFRF never alleged whether or not there were "amounts to be used for future development of Licensed Products, in the manner specified in Section 3.5."  Nor did UFRF include a copy of the licensing agreement so that the Court could determine what "the manner specified in Section 3.5" was.  Diamyd has moved to dismiss, asserting that UFRF needs to allege something with regard to that clause in Section 2.2.2.  UFRF responded with factual assertions which UFRF argues tend to show that Diamyd is not going to incur any "amounts to be used for future development of Licensed Products."

After consideration, the Court concludes that rather than have the case litigated based on allegations made only in responses to motions, the Plaintiff should allege in the complaint, and be required to prove, that the clause at the end of Section 2.2.2 does not excuse the duty to pay the 10% royalty.  Thus, plaintiff will be required to amend the complaint to include such an allegation.  Additionally, while the Federal Rules of Civil Procedure do not require the

attachment of an agreement that forms the basis of a complaint as the Florida Rules[1] do, the resolution of the current law suit would be greatly facilitated by the attachment of the agreement to the amended complaint.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The motion to dismiss, Doc. 9, is denied, but the Plaintiff is directed to file an amended complaint by Tuesday, August 23, 2011.  The Plaintiff should attach a correct copy of the pertinent agreement between UFRF and Diamyd to the amended complaint.

The motion to file a sur-reply (Doc. 21) is granted, and the Court construes the motion at Doc. 21 to contain the sur-reply.

**DONE AND ORDERED** this _9th_ day of August, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

---

[1] Fla. R. Civ. P. 1.130(a).